**Vadim Vitalevich YENAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–77002.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed Aug. 1, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Vadim Vitalevich Yenan, Tacoma, WA, pro se.

Theodore A. Mahr, Esquire, Moses Lake, WA, for Petitioner.

Robbin Kinmonth Blaya, Esquire, OIL, Terri Jane Scadron, Esquire, John S. Stevens, Esquire, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

### MEMORANDUM **

Vadim Vitalevich Yenan, a native and citizen of Russia, petitions for review of a Board of Immigration Appeals' ("BIA") order denying his claim for cancellation of removal and dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny in part and grant in part the petition for review, and remand.

■ Substantial evidence supports the IJ's conclusion that, even if Yenan's asylum application had been timely filed, he failed to establish eligibility for asylum and withholding of removal, because he did not provide evidence indicating that he was or would be targeted on account of a protected ground. *See Ochoa v. Gonzales,* 406 F.3d 1166, 1170–72 (9th Cir.2005). We decline to consider facts in Yenan's opening brief that are not part of the administrative record. *See Fisher v. INS,* 79 F.3d 955, 963 (9th Cir.1996) (en banc). Accordingly, Yenan's asylum and withholding of removal claims fail.

■ Substantial evidence supports the IJ's denial of CAT relief because Yenan did not present evidence that it was more likely than not that he would be tortured if he returned to Russia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

We conclude that Yenan's due process contention lacks merit, because the record does not show that the proceedings were "so fundamentally unfair that [he] was prevented from reasonably presenting his case." *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (citation and internal quotation omitted).

■ Finally, we are unable to conduct a proper review of the BIA's conclusion that Yenan was ineligible for cancellation of removal because the BIA did not provide a reasoned explanation of its denial. *See Movsisian v. Ashcroft,* 395 F.3d 1095, 1098 (9th Cir.2005). Accordingly, we grant the petition for review with respect to cancellation of removal, and remand for clarification.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.